MoEinney, J.,
delivered the opinion of the court.
The defendant was regularly summoned by subpoena, *415 to appear before the judge of the circuit court of Wayne, then in session, to testify “ before the grand jury, concerning gaming and tippling, and selling spirituous liquors on Sunday.”
He failed to appear when called, and thereupon a judgment nisi was rendered against him for the “ sum of one hundred and twenty-five dollars, the penalty imposed by law, for such his default.” And to recover this amount, the present soire facias was issued, and regularly made known to the defendant. The defendant appeared to the soire facias, and entered a motion to quash the same: and on argument, the court sustained the motion, and discharged the defendant. From this judgment the Attorney General," on behalf of the State, appealed to this court.
By the act of 1A94, ch'. 1, § 83, a witness summoned to appear in a criminal prosecution, on plea of the State, failing to do so, “shall forfeit and pay the sum of two hundred and fifty dollars, for the use of the State; unless upon notice issued, and made known, sufficient cause be shown for such failure, at the next succeeding term.”
This is the only penalty prescribed by law, for the failure of a witness to appear in a State case. It is too clear to admit of argument, that he cannot be made liable, by judgment of the court, to any other or different penalty. There is nothing in the suggestion, that as the forfeiture declared by the. judgment in this instance, for a less sum, is for the benefit of the defendant, he ought not to be heard to object to it. The question is one of authority on the part of the court, which is always open to exception. The judgment nisi, *416 was wholly unauthorized, and therefore the judgment of the court, quashing the soire faoias, was not erroneous; although, perhaps a demurrer would have been the more approved mode of reaching the objection.
Judgment affirmed.